1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                   EASTERN DISTRICT OF WASHINGTON

7  HAROLD MAPLE, individually and
   on behalf of all others similarly          NO:  12-CV-5166
8  situated,
                                              ORDER GRANTING IN PART AND
9                        Plaintiff,           DENYING IN PART MOTION TO
                                              DISMISS
10         v.

11  COSTCO WHOLESALE CORP., et
    al.,
12
                         Defendants.
13

14         **BEFORE THE COURT** is a Motion to Dismiss, filed by Defendant Costco

15  Wholesale Corporation, ECF No. 52.  Defendant Niagara Bottling, LLC joined

16  Costco's motion, ECF No. 53.  This matter was heard with telephonic oral

17  argument on July 25, 2013.  Paul E. Fogarty and Scott E. Schutzman appeared on

18  behalf of Plaintiff Harold Maple.  Kathleen M. O'Sullivan and Nicholas A.

19  Manheim appeared for Defendant Costco Wholesale Corporation.  John A. Safarli

20

ORDER GRANTING IN PART MOTION TO DISMISS ~ 1

appeared for Defendant Niagara Bottling.  The Court has reviewed the briefing and the file, and is fully informed.

BACKGROUND

This is a putative class action arising from allegedly false and misleading claims made on the label of a product known as VitaRain Tropical Mango Vitamin Enhanced Water Beverage ("VitaRain") bottled by Defendant Niagara Bottling, LLC ("Niagara"), and sold by Defendant Costco Wholesale Corporation ("Costco").  On behalf of a putative class consisting of all Washington residents who purchased the product over the four years preceding the filing of this lawsuit, Plaintiff asserts claims for (1) violations of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010 *et seq.*; (2) misrepresentation; and (3) negligence.

Plaintiffs allege in their amended complaint, ECF No. 51, that Defendant Niagara manufactures and bottles a product known as VitaRain Vitamin Enhanced Water Beverage.  VitaRain comes in four flavors: Tropical Mango, Raspberry Green Tea, Kiwi Strawberry, and Dragonfruit.  The product is marketed and distributed by Defendant Costco and is sold at Costco warehouses throughout the country.

In November 2010, Plaintiff Harold Maple ("Plaintiff") purchased several bottles of VitaRain from a Costco store located in Kennewick, Washington.  Among the bottles that Plaintiff purchased was at least one bottle of VitaRain

ORDER GRANTING IN PART MOTION TO DISMISS ~ 2

Tropical Mango.  Plaintiff alleges that the VitaRain Tropical Mango drink was marketed as a natural product but in fact contained "unnatural" ingredients, including large amounts of "synthetic caffeine."  Specifically, Plaintiff alleges that the VitaRain Tropical Mango drink (1) lacks a front-facing disclosure that the beverage contains caffeine; (2) fails to disclose the relative amount of caffeine in the beverage; and (3) falsely claims that the beverage is a "natural tonic" and contains "natural caffeine."  Pl.'s Am. Compl., ECF No. 51, at ¶¶ 15, 18.  Plaintiff further alleges that he "reasonably believed that he [had] purchased a Drink similar to vitamin water."  ECF No. 51, at ¶ 14.

Plaintiff's amended complaint contains no allegations that Plaintiff actually read the statements that the beverage is a "natural tonic" and contains "natural caffeine" prior to purchasing the product.  However, the amended complaint does allege in a conclusory fashion that, but for these allegedly false and misleading statements, Plaintiff and others similarly situated would not have purchased the VitaRain Tropical Mango product.  ECF No. 51, at ¶ 31, 41.

Defendant Costco moved to dismiss Plaintiff's amended complaint.  Costco contends (1) that Plaintiff does not have standing to assert his claims; (2) that some of Plaintiff's claims are preempted by federal law; and (3) that Plaintiff's amended complaint fails to meet the pleading standards of Rules 8 and 9(b) of the Federal Rules of Civil Procedure.  ECF No. 52.  Costco additionally moved the Court to

ORDER GRANTING IN PART MOTION TO DISMISS ~ 3

take judicial notice of the label on the VitaRain Tropical Mango drink and the

exterior packaging of the VitaRain Vitamin Enhanced Water Beverage.  ECF No.

54.  Defendant Niagara Bottling joined Costco's motion to dismiss the amended

complaint.  ECF No. 53.

DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a complaint

where the plaintiff fails to state a claim upon which relief can be granted.  A

motion to dismiss brought pursuant to this Rule "tests the legal sufficiency of a

[plaintiff's] claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To

withstand dismissal, a complaint must contain "enough facts to state a claim to

relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007).  "Naked assertion[s]," "labels and conclusions," or "formulaic

recitation[s] of the elements of a cause of action will not do." *Id.* at 555, 557.  "A

claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While a

plaintiff is not required to establish a probability of success on the merits, he or she

must demonstrate "more than a sheer possibility that a defendant has acted

unlawfully." *Id.*

ORDER GRANTING IN PART MOTION TO DISMISS ~ 4

1   A complaint also must contain a "short and plain statement of the claim

2   showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This

3   standard "does not require detailed factual allegations, but it demands more than an

4   unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at

5   678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has

6   been satisfied, a court must first identify the elements of the plaintiff's claim(s) and

7   then determine whether those elements could be proven on the facts pled. The

8   court generally should draw all reasonable inferences in the plaintiff's favor, *see*

9   *Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it

10   need not accept "naked assertions devoid of further factual enhancement." *Iqbal*,

11   556 U.S. at 678 (internal quotations and citation omitted).

12   Rule 9(b) governs the pleading of allegations involving fraud or mistake. In

13   contrast to the more lenient standard set forth in Rule 8(a)(2), Rule (9)(b) requires

14   a plaintiff to "state with particularity the circumstances constituting fraud or

15   mistake." Fed. R. Civ. P. 9(b). To satisfy this standard, the allegations of fraud

16   must "be specific enough to give defendants notice of the particular misconduct so

17   that they can defend against the charge and not just deny that they have done

18   anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.

19   2003) (quotation and citation omitted). Thus, "[a]verments of fraud must be

20   accompanied by the who, what, when, where, and how of the misconduct

ORDER GRANTING IN PART MOTION TO DISMISS ~ 5

charged." *Id.* (quotation and citation omitted).  A plaintiff may, however, plead

allegations of "[m]alice, intent, knowledge, and other conditions of a person's

mind" in a more general fashion.  Fed. R. Civ. P. 9(b).

**A. Judicial Notice of VitaRain Labeling**

Before addressing the merits of Costco's motion to dismiss, the Court must

consider Costco's request that the Court take judicial notice of the packaging for

the twenty-four pack VitaRain Enhanced Water Beverage sold in Costco stores and

for the individual VitaRain Tropical Mango drink Plaintiff refers to in his amended

complaint.

Ordinarily, when the district court considers matters outside the pleadings it

must convert a motion to dismiss brought under Civil Rule 12(b)(6) into a Civil

Rule 56 motion for summary judgment.  Fed. R. Civ. P. 12(d).  However, a court

may consider certain materials without converting the motion to dismiss into a

motion for summary judgment.  *See, e.g.*, *United States v. Ritchie*, 342 F.3d 903,

908 (9th Cir. 2003).  Such materials include documents attached to the complaint,

documents incorporated by reference in the complaint, or matters of judicial notice.

*Id.*

A document may be incorporated by reference into a complaint where the

plaintiff "refers extensively to the document or the document forms the basis of

plaintiff's claim."  *Id.* (citations omitted).  In such cases, the defendant may offer

that document and the district court may treat the document as part of the

complaint for the purposes of a motion to dismiss. *Id.*; *see also Branch v. Tunnell,*

14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Galbraith v.*

*Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ("[W]e hold that documents

whose contents are alleged in a complaint and whose authenticity no party

questions, but which are not physically attached to the pleading, may be considered

in ruling on a Rule 12(b)(6) motion to dismiss.").

Costco contends that the Court may consider the VitaRain packaging and the

individual VitaRain Tropical Mango label either through incorporation by

reference or judicial notice. Costco points out that Plaintiff refers extensively to

the packaging and label in his amended complaint. For example, Plaintiff states

that the front label of the Tropical Mango drink fails to disclose that the beverage

contains caffeine, that "the entire label omits the relative amount of caffeine the

Drink contains by failing to provide a daily value amount," and that the drink's

label states that the drink is a "natural tonic." ECF No. 51, at 2-3. The packaging

and label in fact forms the very basis of Plaintiff's claims. *See, e.g.*, Pl.'s Am.

Compl., ECF No. 51, at 16 (stating that Defendants "made false representations

and/or misrepresentations by omission" by failing to disclose "the relative amount

of caffeine in the Drink anywhere [on] the label").

Plaintiff did not oppose Costco's request for judicial notice at the briefing stage.  In addition, Plaintiff himself relied upon the packaging and labeling images submitted by Costco in his opposition to Costco's motion to dismiss.  ECF No. 55, at 2, 6.  However, Plaintiff opposed consideration of the exterior packaging for the first time at oral argument.  Plaintiff theorized that the packaging may not have been the same packaging in existence when Mr. Maple purchased the VitaRain product, but offered no support for this argument.  Plaintiff further objected that some of the images of the packaging and labels submitted by Costco were difficult to read.  The Court gave Costco an opportunity to submit clearer images of the exhibits.  Costco submitted replacement images after oral argument, ECF No. 73, which the Court has considered in ruling on this motion.

Therefore the Court concludes that judicial notice is appropriate and that it may consider the labeling without converting Costco's motion to dismiss into one for summary judgment.

**B. Standing**

Costco contends that Plaintiff lacks standing to pursue his claims.  A plaintiff seeking to invoke the jurisdiction of the federal courts must establish that he can satisfy the "case or controversy" requirement of Article III of the United States Constitution.  This standing requirement can be broken down to three individual elements: an injury in fact, a "causal connection between the injury and

the conduct complained of," and the likelihood that the injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Each element of standing "must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation."  *Id.* at 561.

Costco contends that Plaintiff cannot show a causal connection between the allegedly false and misleading labeling and his act of purchasing the product. Costco first contends that the Complaint contains  an interceding cause unrelated to the labeling, because Plaintiff states in his amended complaint that "he reasonably believed that he purchased a Drink similar to vitamin water."  ECF No. 51, at ¶ 14. Costco additionally directs the Court to the packaging and labeling of the product and contends that the statements and omissions Plaintiff complains of were not visible at the time that Plaintiff purchased the product and could not have caused his alleged injuries.  In support of this assertion, Defendants note that VitaRain is sold by Costco exclusively in 24-unit "variety packs" which are encased in printed plastic packaging.  According to Defendants, the labels on individual bottles of VitaRain Tropical Mango are not visible through this exterior packaging.  As a result, they argue, "Plaintiff obviously has no standing to complain about something he could not and did not see prior to purchase."  ECF No. 52 at 7.

However, as Plaintiff correctly notes, at least one of the allegedly false and misleading statements pertaining to VitaRain Tropical Mango, the claim that

ORDER GRANTING IN PART MOTION TO DISMISS ~ 9

VitaRain contains "natural caffeine," is reproduced on the exterior of packaging of the variety pack. *See* ECF No. 54, Exhibits 2, 3. The variety pack's exterior packaging also contains a full-length photograph of a bottle of VitaRain Tropical Mango. *See* ECF No. 54, Exhibits 2, 3, 5. This photograph is an accurate reproduction of the front-facing label of the beverage, which, as alleged in the Amended Complaint, does not state that the beverage contains caffeine. *Compare* ECF No. 54, Exhibit 3 *with* ECF No. 54, Exhibit 8. In addition, the exterior packaging is clear in many portions such that a consumer could see at least some of the label on the individual bottles, including the Tropical Mango variety, prior to purchasing the item. ECF No. 54, Exhibits 1, 5.

Moreover, contrary to Defendants' assertions, Plaintiff has alleged a sufficient causal connection between the product labeling and his decision to purchase the product to establish Article III standing. The Amended Complaint generally alleges that Plaintiff and other class members would not have purchased the product had they known that it contained (1) a significant amount of caffeine; and (2) synthetic caffeine and other "non-natural" ingredients. Pl.'s Am. Compl., ECF No. 51, at ¶¶ 31, 41.

A motion to dismiss for lack of standing is brought pursuant to Civil Rule 12(b)(1). *E.g.*, *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Thus the standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v.*

ORDER GRANTING IN PART MOTION TO DISMISS ~ 10

*Twombly*, 550 U.S. 544 (2007) do not apply when evaluating a complaint for lack of standing, because those standards are applicable only to a Rule 12(b)(6) motion for failure to state a claim. *Maya*, 658 F.3d at 1067-68. With this in mind, the Court concludes that Plaintiff's allegations in his amended complaint that he would not have purchased the product but for the alleged misrepresentations is sufficient to satisfy the standing requirement at the pleading stage.

### C. Preemption

Dismissal under Civil Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Where a state law claim is preempted by federal law, that claim must be dismissed under Civil Rule 12(b)(6) because the claimant cannot establish any set of facts that will support the claim for relief. *Kent v. DaimlerChrysler Corp.*, 200 F. Supp. 2d 1208, 1212 (N.D. Cal. 2002).

Federal preemption of state law occurs when "(1) Congress enacts a statute that explicitly pre-empts state law; (2) state law actually conflicts with federal law; or (3) federal law occupies a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in that field." *Chae v. SLM Corp.*, 593 F.3d 936, 941 (9th Cir. 2010). Federal pre-emption will not be found except where it is "the clear and manifest purpose of Congress." *Law v.*

1  *Gen. Motors Corp.*, 114 F.3d 908, 910 (9th Cir. 1997) (quoting *CSX Transp., Inc.*

2  *v. Easterwood*, 507 U.S. 658, 664 (1993)).

3       Defendants argue that Plaintiff's claims are expressly preempted by the

4  Federal Food Drug and Cosmetics Act ("FDCA"), as amended by the National

5  Labeling and Education Act ("NLEA"), 21 U.S.C. § 301 *et seq.*  The FDCA

6  "comprehensively regulates food and beverage labeling."  *Pom Wonderful LLC v.*

7  *Coca-Cola Co.*, 679 F.3d 1170, 1175 (9th Cir. 2012).  The NLEA was in turn

8  enacted to "clarify and strengthen the Food and Drug Administration's legal

9  authority to require nutrition labeling on foods, and to establish the circumstances

10  under which claims may be made about the nutrients in foods."  *Nutritional Health*

11  *Alliance v. Shalala*, 144 F.3d 220, 223 (2d Cir. 1998) (citing H.R. Rep. No. 101–

12  538, at 7 (1990)).  Most notably, the NLEA added an express preemption provision

13  to the FDCA.  *See* 21 U.S.C. 21 U.S.C. § 343-1(a).

14       In Defendants' view, the Amended Complaint "seeks to create and impose"

15  two new requirements which would directly conflict with federal law: (1) a

16  requirement that caffeinated beverages disclose the fact that they contain caffeine

17  on the front label; and (2) a requirement that labels state the "relative amount" of

18  caffeine by providing a "daily value" amount.  ECF No. 56 at 3.  By virtue of

19  imposing these new and conflicting requirements, Defendants contend, Plaintiff's

20  claims are preempted under 21 U.S.C. § 343-1(a).

ORDER GRANTING IN PART MOTION TO DISMISS ~ 12

1    Plaintiff focuses his argument on his claims that Defendants' use of the word

2   "natural" on the labeling is not preempted by the NLEA.  However, Costco did not

3   contend that these particular claims were preempted.  Rather, Costco focused only

4   on Plaintiff's claims that the label was unlawful because it failed to disclose on the

5   front label that the drink contains caffeine and failed to disclose the relative

6   amount of caffeine in the drink.  ECF No. 56, at 2.  Costco has shown that these

7   food labeling requirements are expressly covered by 21 C.F.R. § 101.1-101.4 and

8   21 C.F.R. § 101.9(c), respectively.  Federal law preempts any state law that would

9   impose additional requirements on how food labels present nutrition information.

10   21 U.S.C. § 343-1(a); *Turek v. Gen. Mills, Inc.*, 662 F.3d 423, 426 (7th Cir. 2011).

11    The Court holds that federal law preempts Plaintiff's claims that (1)

12   Defendants were required to disclose that the drink contained caffeine on the front

13   label of the drink and (2) that Defendants were required to state the "relative

14   amount" of caffeine in the drink.  Therefore Costco's motion to dismiss is granted

15   as to these claims.

16   **D. Pleading Requirements**

17    Defendants also argue that Plaintiff has not pled his claims with sufficient

18   particularity.  With regard to Plaintiff's CPA claims, Defendants assert that the

19   Amended Complaint fails to plead a causal connection between the allegedly false

20   and misleading labeling and Plaintiff's decision to purchase the product.  As to the

ORDER GRANTING IN PART MOTION TO DISMISS ~ 13

1    misrepresentation claims, Defendants argue, among other asserted defects, that

2    Plaintiff has failed to adequately allege reliance.  Finally, with respect to the

3    negligence claim, Defendants argue that Plaintiff has failed to adequately plead the

4    existence of a duty of care.  The Court will address the legal sufficiency of each of

5    these claims in turn.

6        1.  <u>CPA Claims</u>

7        To state a claim for a violation of the CPA, a plaintiff must allege: (1) an

8    unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) which

9    impacts the public interest; and (4) an injury to business or property; (5) which was

10   caused by the deceptive act or practice.  *Columbia Physical Therapy, Inc., P.S. v.*

11   *Benton Franklin Orthopedic Assocs., PLLC*, 168 Wn. 2d 421, 442 (2010).  Here,

12   Defendants contend that Plaintiff has failed to adequately plead causation.

13   Specifically, Defendants contend that Plaintiff has not alleged that he even read the

14   complained-of labels before purchasing the VitaRain drink.  Defendants

15   additionally contend that Plaintiff affirmatively alleged that something other than

16   the labels led him to purchase the VitaRain drink, namely Plaintiff's stated belief

17   that he had "purchased a Drink similar to vitamin water."  ECF No. 51, at ¶ 14.

18       Plaintiff's amended complaint contains detailed allegations about what was,

19   and what was not, on the label of the VitaRain Tropical Mango drink he purchased,

20   but nowhere does Plaintiff state that he actually read the label, or that his

ORDER GRANTING IN PART MOTION TO DISMISS ~ 14

1    purchasing decision was driven by the alleged deceptive statements on the label.

2    Plaintiff's amended complaint contains only broad conclusory statements on

3    causation.  For example, with regard to Plaintiff's Consumer Protection Act claim,

4    Plaintiff alleges that the "Plaintiff and class members have suffered as a result of

5    Defendants' unlawful conduct because they purchased an energy Drink they would

6    otherwise not have purchased had the correct disclosures been made."  ECF No.

7    ECF No. 51, at ¶ 31.  This allegation makes little sense in light of Plaintiff's failure

8    to allege that he even read the allegedly deceptive labels prior to purchasing the

9    drink.

10           A complaint cannot survive a Rule 12(b)(6) motion to dismiss unless it

11    contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is

12    plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

13    The complaint must contain more than "an unadorned, the-defendant-unlawfully-

14    harmed-me accusation."  *Id.*  Neither a "formulaic recitation of the elements of a

15    cause of action" nor "naked assertion[s] devoid of further factual enhancement"

16    will suffice.  *Id.* (internal quotations omitted).  Moreover, the traditional tenet that

17    the court must accept as true all allegations contained in the complaint is not

18    applicable to legal conclusions.  *Id.*

19           In light of Plaintiff's failure to allege that he relied on the alleged deceptive

20    statements on the label, or that he even read such statements prior to purchasing the

ORDER GRANTING IN PART MOTION TO DISMISS ~ 15

drink, the Court cannot credit the naked assertions that he would not have purchased the drink had the label not contained such statements.  Plaintiff's CPA claim is therefore dismissed under Civil Rule 12(b)(6) for failing to adequately plead causation.

    2. <u>Misrepresentation Claim</u>

    Washington recognizes two separate torts involving misrepresentation: fraudulent misrepresentation and negligent misrepresentation.  *See Stiley v. Block*, 130 Wn. 2d 486, 505 (1996) (fraudulent misrepresentation); *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn. 2d 107, 161-62 (1987) (negligent misrepresentation).  To prevail on a claim for fraudulent misrepresentation, a plaintiff must prove the following nine elements by clear and convincing evidence: "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon the representation; and (9) damages suffered by the plaintiff." *West Coast, Inc. v. Snohomish Cnty.*, 112 Wn. App. 200, 206 (2002) (citing *Stiley*, 130 Wn. 2d at 505).  In the absence of contrived concealment or an affirmative duty to disclose, omissions cannot give rise to a claim for fraudulent misrepresentation.  *See* 16 David K. DeWolf & Keller W. Allen, *Washington Practice:  Tort Law and Practice* § 18.7 (3d ed.) ("While

ORDER GRANTING IN PART MOTION TO DISMISS ~ 16

silence itself is not actionable, silence becomes actionable when either the

defendant uses a trick or artifice to prevent an adversary from discovering the

truth, or where the defendant has a duty to speak and fails to do so.") (internal

citations omitted).

To prevail on a negligent misrepresentation claim, a plaintiff "must prove by

clear, cogent and convincing evidence that (1) the defendant supplied information

for the guidance of others in their business transactions that was false, (2) the

defendant knew or should have known that the information was supplied to guide

the plaintiff in his business transactions, (3) the defendant was negligent in

obtaining or communicating the false information, (4) the plaintiff relied on the

false information, (5) the plaintiff's reliance was reasonable, and (6) the false

information proximately caused the plaintiff damages."  *Ross v. Kirner*, 162 Wn.

2d 493, 499 (2007) (citation omitted).  Moreover, "[a]n omission alone cannot

constitute negligent misrepresentation, since the plaintiff must justifiably rely on a

misrepresentation."  *Id.* (citations omitted).

Defendants have raised three challenges to Plaintiff's misrepresentation

claims.  First, Defendants contend that Plaintiff "cannot state a claim for

misrepresentation arising from the *omission* of the drink's caffeine content from

the VitaRain Tropical Mango label."  ECF No. 52 at 15 (emphasis in original).

The Court agrees.  As noted above, omissions cannot give rise to a claim for

ORDER GRANTING IN PART MOTION TO DISMISS ~ 17

fraudulent or negligent misrepresentation absent special circumstances not alleged here.

Second, Defendants argue that the misrepresentation claims arising from the "natural caffeine" and "natural tonic" statements fail to satisfy Rule 9(b)'s heightened pleading requirements.  On this point, the Court disagrees.  Contrary to Defendants' assertions, the allegations in the Amended Complaint are "specific enough to give defendants notice of the [alleged] misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (quotation and citation omitted).  Plaintiff has specifically alleged that VitaRain Tropical Mango (1) "is manufactured using gelatin capsules that contain caffeine in powdered form . . . [that] is synthetic and not natural," and (2) "contains unnatural ingredients and ingredients derived from synthetic and/or non-natural processes, including, but not limited to, synthetic caffeine, sucralose and acesulfame potassium."  ECF No. 51, at ¶ 15, 18.  These allegations are sufficiently detailed to facilitate a proper defense by Defendants.

Finally, Defendants suggest that Plaintiff cannot prove the reliance elements of his fraudulent misrepresentation and negligent misrepresentation claims because he has not alleged that he saw the alleged misrepresentations prior to purchasing the drink.  The Court holds that Plaintiff's misrepresentation claim must be dismissed for the same reason that his CPA claim is dismissed:  Plaintiff has failed

1   to adequately plead reliance because he has not alleged that he based his

2   purchasing decision on the complained-of labels or that he even read the labels

3   prior to purchasing the drink.

4        Defendants additionally suggest that Plaintiff has not provided sufficient

5   allegations to satisfy additional elements of a fraudulent or negligent

6   misrepresentation claim, namely that the alleged misrepresentations were material,

7   that Defendants intended for Plaintiff to act on the alleged falsehoods, that

8   Defendants knew the representations were false, that Plaintiff was ignorant of the

9   falsity, that Plaintiff had a right to rely on the falsehood, or that the reliance was

10  reasonable.  The Court need not reach Defendants' argument as to these elements

11  because the lack of adequately alleged reliance is fatal to Plaintiff's claim.

12       3.  Negligence Claim

13       There are four elements to a common law negligence claim in Washington:

14  duty, breach, causation and damages.  *Michaels v. CH2M Hill, Inc.*, 171 Wn. 2d

15  587, 605 (2011).  As to the first element, the existence of a duty of care is a

16  "threshold question" in any negligence action.  *Schooley v. Pinch's Deli Mkt., Inc.*,

17  134 Wn. 2d 468, 474 (1998) (citing *Kelly v. Falin*, 127 Wn. 2d 31, 36 (1995)).  A

18  duty of care is defined as "an obligation, to which the law will give recognition and

19  effect, to conform to a particular standard of conduct toward another."  A*ffiliated*

20  *FM Ins. Co. v. LTK Consulting Servs., Inc.*, 170 Wn. 2d 442, 449 (2010) (internal

quotation and citation omitted). Whether a duty of care exists is a matter of law to be decided by the court rather than by a jury. *Osborn v. Mason Cnty.*, 157 Wn. 2d 18, 23 (2006). In examining a duty of care, Washington courts consider the duty's existence, measure, and scope. *Affiliated FM Ins. Co.*, 170 Wn. 2d at 449. In deciding whether the law imposes a duty of care, a court must balance "considerations of logic, common sense, justice, policy, and precedent." *Id.* at 450 (internal quotations and citations omitted).

Defendants contend that Plaintiff fails to adequately plead the existence of a duty of care. The Court agrees. Plaintiff's Amended Complaint contains only one allegation relevant to this element of a negligence claim: "The Defendants owed a duty to the Plaintiff and class members to act reasonably and with appropriate care when dealing with Plaintiff and class members." ECF No. 51, at ¶ 47. Plaintiff's response to the instant motion is similarly conclusory: "Plaintiff asserts that Defendant owed a duty under the common law as well to properly label its beverages. As such the motion to dismiss should be denied." ECF No. 55 at 10.

These statements are nothing more than "unadorned, the defendant-unlawfully-harmed-me accusation[s]" that the Court need not accept as true. *Iqbal*, 556 U.S. at 678. Therefore, the Court finds that Plaintiff has not adequately alleged that any duty was owed, and therefore dismissal of Plaintiff's negligence claim is appropriate.

ORDER GRANTING IN PART MOTION TO DISMISS ~ 20

**E. Opportunity to Amend**

Plaintiff requested an opportunity to amend his complaint in the event that the Court found it deficient and granted Defendants' motion for dismissal. ECF No. 55, at 10-11. Defendants contend that any amendment would be futile.

Federal Rule of Civil Procedure 15(a)(2) provides that the district court "should freely give leave [to amend] when justice so requires." *See also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990) ("The standard for granting leave to amend is generous."). The court should consider five factors in determining whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Futility exists where it is "clear" that no amendment could save the complaint. *Id.*

Plaintiff is entitled to an opportunity to amend his complaint. The Court notes that Plaintiff previously has amended his complaint, but such amendment was unopposed and was not made in response to an order dismissing Plaintiff's claims. Moreover, the Court cannot find that any amendment would be futile.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Costco's Motion to Dismiss Plaintiff's Amended Complaint, **ECF No. 52**, is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims regarding the disclosure of caffeine on

ORDER GRANTING IN PART MOTION TO DISMISS ~ 21

1   the front label of the drink and the "relative amount" of caffeine in the drink are

2   preempted by federal law.  Plaintiff's claims are additionally dismissed for failure

3   to state a claim under Civil Rule 12(b)(6).  However, Costco's motion to dismiss is

4   denied as to the issue of standing.  **Plaintiff shall have fourteen days from the**

5   **date of this Order to amend his complaint.**

6           The District Court Clerk is hereby directed to enter this Order and to provide

7   copies to counsel.

8           **DATED** this 1st day of August 2013.

9

10                                          *s/ Rosanna Malouf Peterson*

                                          ROSANNA MALOUF PETERSON

11                                    Chief United States District Court Judge

12

13

14

15

16

17

18

19

20

ORDER GRANTING IN PART MOTION TO DISMISS ~ 22