UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAROLD MAPLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORP., et al.,<br><br>Defendants. | NO:  CV-12-5166-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT |

**BEFORE THE COURT** is a Motion to Dismiss Plaintiff's Second Amended Complaint, filed by Defendant Costco Wholesale Corporation ("Costco"), ECF No. 84.  Defendant Niagara Bottling, LLC ("Niagara Bottling") joined Costco's motion, ECF No. 86.  The Court heard telephonic oral argument on the motion.  Scott E. Schutzman and Paul E. Fogarty appeared on behalf of Plaintiff Harold Maple.  Kathleen M. O'Sullivan and Nicholas A. Manheim appeared on behalf of Costco.  John A. Safarli appeared on behalf of Niagara

ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 1

1  Bottling.  The Court has considered the briefing, the pleadings in the file, and is

2  fully informed.

3  BACKGROUND

4  This is a putative class action arising from allegedly unfair or deceptive

5  statements found on the label of a product known as VitaRain Tropical Mango

6  Vitamin Enhanced Water Beverage ("VitaRain") bottled by Niagara Bottling and

7  sold by Costco.  The putative class is defined as all Washington residents who

8  purchased the VitaRain product over the four years preceding the filing of the

9  lawsuit.

10  Plaintiff's First Amended Complaint asserted claims for violations of the

11  Washington Consumer Protection Act ("CPA"), RCW 19.86.010 *et seq.*;

12  misrepresentation; and negligence.  ECF No. 51.  Plaintiff specifically alleged that

13  the VitaRain beverage (1) lacked a front-facing disclosure that the beverage

14  contains caffeine; (2) failed to disclose the relative amount of caffeine in the

15  beverage; and (3) falsely claimed that the beverage was a "natural tonic" and that it

16  contained "natural caffeine."  ECF No. 51, at ¶¶ 15, 18.

17  Costco moved to dismiss Plaintiff's First Amended Complaint, contending

18  that (1) Plaintiff did not have standing to assert his claims; (2) that some of

19  Plaintiff's claims were preempted by federal law; and (3) that Plaintiff's First

20  Amended Complaint failed to meet the pleading standards of Rules 8 and 9(b) of

ORDER GRANTING MOTION TO DISMISS SECOND AMENDED
COMPLAINT ~ 2

1  the Federal Rules of Civil Procedure.  ECF No. 52.  Costco additionally moved the

2  Court to take judicial notice of the label on the VitaRain Tropical Mango drink and

3  the exterior packaging of the VitaRain Vitamin Enhanced Water Beverage.  ECF

4  No. 54.  Defendant Niagara Bottling joined Costco's motion to dismiss the

5  amended complaint.  ECF No. 53.

6      The Court issued an Order on August 1, 2013, in which it granted in part

7  Defendants' motion to dismiss the amended complaint.  The Court first found that

8  it could take judicial notice of the beverage label and exterior packaging.  ECF No.

9  74, at 6-8.  The Court further rejected Costco's jurisdictional challenge, finding

10 that Plaintiff has standing to pursue his claims at the pleading stage of the

11 litigation.  ECF No. 74, at 8-11.  However, the Court concluded that two of

12 Plaintiff's claims were preempted by the Federal Food Drug and Cosmetics Act

13 ("FDCA"), as amended by the National Labeling and Education Act ("NLEA"), 21

14 U.S.C. § 301 *et seq*.  The preempted claims were (1) Plaintiff's claim that the

15 beverage failed to disclose the fact that it contained caffeine on the front label; and

16 (2) Plaintiff's claim that the label failed to state the relative amount of caffeine in

17 the beverage.  The Court found that by pressing these claims, Plaintiff sought to

18 impose new requirements that would directly conflict with federal food labeling

19 law.  ECF No. 74, at 11-13.

20

ORDER GRANTING MOTION TO DISMISS SECOND AMENDED
COMPLAINT ~ 3

The Court further held that Plaintiff's CPA claims and Plaintiff's claim for negligent and/or fraudulent misrepresentation must be dismissed pursuant to Civil Rule 12(b)(6), because Plaintiff had failed to adequately plead that the alleged misleading statements were the cause of his alleged injury. ECF No. 74, at 13-19. The Court noted that Plaintiff did not allege anywhere in his First Amended Complaint that Plaintiff actually read the label or that his purchasing decision was driven by the alleged deceptive statements on the label. ECF No. 74, at 14-15. The Court further noted that Plaintiff's First Amended Complaint contained only broad conclusory statements on causation that could not overcome Plaintiff's failure to factually plead that he read the allegedly deceptive labels prior to purchasing the drink. ECF No. 74, at 15.

Finally, the Court dismissed Plaintiff's negligence claim because Plaintiff had failed to adequately plead the existence of a duty of care on the part of Defendants. ECF No. 74, at 19-20.

Although the Court dismissed all of Plaintiff's claims in the First Amended Complaint, it granted Plaintiff leave to amend his complaint under Civil Rule 15(a)(2) over Defendants' objections. The Court noted that Plaintiff's previous amendments to his complaint were unopposed and not made in response to an order dismissing Plaintiff's claims. The Court additionally declined to find that any amendment to the complaint would be futile. ECF No. 74, at 21.

ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 4

1   Following the Court's Order, Plaintiff filed and served a Second Amended
2   Complaint.  ECF No. 79.  Plaintiff's Second Amended Complaint does not state a
3   claim for misrepresentation or negligence, and instead asserts only one cause of
4   action for multiple alleged violations of Washington's Consumer Protection Act.
5   ECF No. 79, at 13-17.  Plaintiff alleges that Defendants violated the CPA by (1)
6   "[u]sing the name 'VitaRain' to give the impression that the Drink is nutritional,
7   healthy and full of vitamins only when it does not (sic) based on the actual
8   ingredients in the drink";  (2) "failing to adequately inform the consumer that the
9   Drink contained synthetic unnatural ingredients, including synthetic caffeine"; (3)
10  "representing that the Drink contains 'all natural caffeine' when it does not"; (4)
11  "representing that the Drink contains 'natural caffeine' when it does not"; and (5)
12  "representing that the Drink is a 'natural tonic' when it contains unnatural
13  ingredients."  ECF No. 79, at 14-15.
14      Costco filed a Motion to Dismiss Plaintiff's Seconded Amended Complaint.
15  ECF No. 84.  Co-defendant Niagara Bottling joined the motion.  ECF No. 86.
16                              DISCUSSION
17      Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a complaint
18  where the plaintiff fails to state a claim upon which relief can be granted.  A
19  motion to dismiss brought pursuant to this Rule "tests the legal sufficiency of a
20  [plaintiff's] claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To

ORDER GRANTING MOTION TO DISMISS SECOND AMENDED
COMPLAINT ~ 5

withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do." *Id.* at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff is not required to establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint also must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. The court generally should draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it

need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

Washington's Consumer Protection Act prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. The CPA further provides that "[a]ny person who is injured in his or her business or property by a violation of [the Act] . . . may bring a civil action . . . to enjoin further violations, to recover the actual damages sustained by him or her, or both." RCW 19.86.090. To assert a private claim under the CPA, a plaintiff must allege (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) impacting the public interest; (4) with injury to the plaintiff in his or her business or property; and (5) causation. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778, 780 (1986).

Defendants raise multiple arguments in moving to dismiss Plaintiff's Second Amended Complaint. First, Defendants argue that Plaintiff's claim that the name "VitaRain" is itself deceptive is implausible under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Second, Plaintiff has failed to adequately plead a causal connection between his alleged injuries and the alleged deceptive claims that the VitaRain beverage contained "natural caffeine" and was a "natural tonic." Finally, Defendants argue that if Plaintiff is alleging a violation of the CPA solely on the basis that the VitaRain

ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 7

beverage failed to disclose anywhere on its label that it contained synthetic caffeine and other unnatural ingredients, that claim is pre-empted federal law. Each of these arguments is examined in turn.

### A. Plausability that the name "VitaRain" is itself deceptive

Under the CPA, an act or practice is "unfair or deceptive" if it "ha[s] the capacity to deceive a substantial portion of the public." *Panag v. Farmers Ins. Co. of Washington*, 166 Wn. 2d 27, 47 (2009) (citing *Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 131 Wn. 2d 133, 150 (1997)). The Washington Supreme Court has further defined "deception" as existing where "'there is a representation, omission, or practice that is likely to mislead' a reasonable consumer." *Id.* at 50 (quoting *Sw. Sunsites, Inc. v. Fed. Trade Comm'n*, 785 F.2d 1431, 1435 (9th Cir. 1986)). Whether a particular act or practice is unfair or deceptive is a question of law. *Id.* at 47 (citing (citing *Leingang v. Pierce Cnt. Med. Bureau, Inc.*, 131 Wn. 2d 133, 150 (1997)).

Plaintiff's Second Amended Complaint alleges that "the name of the Drink itself, VitaRain, gives the impression that the Drink is nutritional, healthy and full of vitamins only, which is misleading and deceptive in light of the actual ingredients in the drink." ECF No. 79, at 2-3. Plaintiff further alleges that based on the name "VitaRain," he believed he was "purchasing a generic equivalent to

ORDER GRANTING MOTION TO DISMISS SECOND AMENDED
COMPLAINT ~ 8

1  Vitaminwater," which he believed was a nutritional and healthy product "full of
2  vitamins only." ECF No. 79, at 4.
3       Defendants contend that these allegations related to the name "VitaRain" are
4  implausible under *Iqbal* and *Twombly*. Only a complaint that states a "plausible
5  claim for relief" may survive a motion to dismiss. *Iqbal*, 556 U.S. at 679.
6  Determining whether a complaint states a plausible claim for relief is "a context-
7  specific task that requires the reviewing court to draw on its judicial experience
8  and common sense." *Id.*
9       Plaintiff's argument that the name "VitaRain" is itself unfair or deceptive is
10 essentially two-fold: that the name "VitaRain" implies a natural, healthy drink that
11 contains only vitamins, and that the name "VitaRain" leads consumers to believe
12 that they are buying the generic equivalent of another product, "Vitaminwater,"
13 and that the name of that product even more strongly implies that the product
14 contains only vitamins and water.
15      The Court finds it implausible that the name "VitaRain" has the capacity to
16 deceive a substantial portion of the public into believing that the beverage is
17 "full of vitamins only" or that it is a "nutritional" or "healthy" beverage. The
18 name "VitaRain" is largely nonsensical. Plaintiff wishes to take the term "Vita"
19 as "vitamins" and then presume from there that the beverage contains vitamins
20 only. However, the drink contains another term, "Rain," which is itself not a
   vitamin.

ORDER GRANTING MOTION TO DISMISS SECOND AMENDED
COMPLAINT ~ 9

Moreover, a consumer could not literally believe that the beverage contains only pure rainwater, just as a reasonable consumer would not believe that it contains only vitamins.  Nor can Plaintiff bootstrap his claim to the name "Vitaminwater," which actually does explicitly state the presence of two ingredients and two ingredients only, by alleging that he thought he was purchasing some generic equivalent of that product.  Plaintiff's claim must be limited to the actual representation, "VitaRain" in this case, and not some imagined representation he arrived at through a process of association.

The Court additionally notes that Plaintiff has failed to plead that the VitaRain beverage is actually not "nutritional" or is "unhealthy."  Plaintiff points to a lab analysis that allegedly reveals that the drink contains caffeine in capsule form, which Plaintiff believes is "synthetic caffeine."  ECF No. 79, at 8.  However, Plaintiff does not allege that natural caffeine cannot come in capsule form, nor has Plaintiff alleged that synthetic caffeine is not "nutritional" or is "unhealthy."  Plaintiff additionally alleges that the beverage contains such "unnatural" ingredients as "synthetic caffeine, sucralose and acesulfame potassium."  ECF No. 79, at 10.  But here again, Plaintiff does not actually allege that these ingredients are not "nutritional" or are "unhealthy."  Plaintiff makes no allegations about any of these ingredients at all except that they are not "natural."  Plaintiff appears to assume throughout his Seconded Amended Complaint that the drink VitaRain is

ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 10

not "nutritious" or is "unhealthy" without ever alleging adequate factual support for the allegation.

Therefore, the Court determines that Plaintiff has not plausibly stated a claim that the name "VitaRain" by itself has the capacity to deceive a substantial portion of the public into believing that the beverage is "nutritional" or "healthy," or "full of vitamins only." Even assuming that it did have such a capacity, Plaintiff has additionally failed to adequately allege that the drink actually is not nutritional or is unhealthy. Dismissal is appropriate on this claim.

### B. Causation between Plaintiff's injuries and the alleged deceptive statements that "VitaRain" contains "natural caffeine" and is a "natural tonic"

A complaint cannot survive a Rule 12(b)(6) motion to dismiss unless it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Neither a "formulaic recitation of the elements of a cause of action" nor "naked assertion[s] devoid of further factual enhancement" will suffice. *Id.* (internal quotations omitted). Moreover, the traditional tenet that the court must accept as true all allegations contained in the complaint is not applicable to legal conclusions. *Id.*

ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 11

Defendants contend that Plaintiff has failed to adequately plead causation regarding Plaintiff's claims (1) that the VitaRain beverage was represented as containing "natural caffeine" but in fact contained synthetic caffeine; and (2) that the beverage was represented as a "natural tonic" when it contained "unnatural ingredients." The Court previously dismissed the CPA claims in Plaintiff's First Amended Complaint because Plaintiff did not adequately plead causation between the alleged deceptive statements and his alleged injury. The Court noted that Plaintiff did not allege anywhere in his First Amended Complaint that "he actually read the label, or that his purchasing decision was driven by the alleged deceptive statements on the label." ECF No. 74, at 14-15. The Court further noted that Plaintiff's First Amended Complaint contained only broad conclusory statements on causation that could not overcome Plaintiff's failure to factually plead that he read the allegedly deceptive labels prior to purchasing the drink. ECF No. 74, at 15.

Plaintiff's Second Amended Complaint fails to adequately plead causation for similar reasons. The Second Amended Complaint states only that Plaintiff "read the name of the Drink, VitaRain, and read portions of the outer label of the package and nowhere did he see a disclosure that the Drink contained unnatural or synthetic ingredients." ECF No. 79, at 4. The Second Amended Complaint does not specify what specific statements that Plaintiff read on the outer label, including

ORDER GRANTING MOTION TO DISMISS SECOND AMENDED
COMPLAINT ~ 12

whether he actually read the alleged deceptive claims that the beverage contained "natural caffeine" or that it was a "natural tonic." Plaintiff further admitted at oral argument that he did not plead that he had read the "natural caffeine" or "natural tonic" claims.

Thus the alleged deceptive statements that the drink contained "natural caffeine" and was comprised of a "natural tonic" of ingredients could not have caused Plaintiff's economic damages of having purchased a drink he would not otherwise have purchased, because Plaintiff has failed to plead that he ever even read the alleged statements or that he based his purchasing decision on those statements. Nor can Plaintiff satisfy causation simply by stating that he would not have purchased the drink had he known that the beverage contained unnatural or synthetic ingredients. This would satisfy causation only as to a claim that Defendants were required to disclose the presence of "unnatural" or "synthetic" ingredients independent of the alleged deceptive statements that he did not read. Plaintiff has specifically represented that he is not pressing such an independent claim as discussed in the next section of this Order.

Therefore Plaintiff's CPA claims based on the alleged deceptive statements that the beverage contained "natural caffeine" and was comprised of a "natural tonic" must be dismissed for failure to adequately plead causation.

### C. Federal preemption of claim for failure to disclose synthetic caffeine and other "unnatural" ingredients

Defendants contend that any claim Plaintiff is pressing solely for the Defendants' alleged failure to disclose that the VitaRain beverage contained "synthetic caffeine" or "other unnatural ingredients" is preempted by the Federal Food Drug and Cosmetics Act ("FDCA"), as amended by the National Labeling and Education Act ("NLEA"), 21 U.S.C. § 301 *et seq.* The FDCA "comprehensively regulates food and beverage labeling." *Pom Wonderful LLC v. Coca-Cola Co.*, 679 F.3d 1170, 1175 (9th Cir. 2012). The NLEA was in turn enacted to "clarify and strengthen the Food and Drug Administration's legal authority to require nutrition labeling on foods, and to establish the circumstances under which claims may be made about the nutrients in foods." *Nutritional Health Alliance v. Shalala*, 144 F.3d 220, 223 (2d Cir. 1998) (citing H.R. Rep. No. 101–538, at 7 (1990)). Most notably, the NLEA added an express preemption provision to the FDCA. *See* 21 U.S.C. § 343-1(a).

Defendants contend that the FDCA and accompanying regulations, 21 U.S.C. § 343(i)(2) and 21 C.F.R. § 101.4, regulate how ingredients must be listed on food and that Defendants complied with these requirements by listing all of the beverage's ingredients on the information panel. Included in the list were the ingredients that Plaintiff claims are "unnatural": caffeine, sucralose, and acelsufame potassium. Defendants contend that if they were required to

ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 14

additionally list these ingredients as "unnatural" ingredients, Plaintiff would be imposing additional requirements on how food labels present nutritional information. Defendants further contend that such additional requirements would be preempted by the FDCA because they are not identical to federal law. *See Turek v. Gen. Mills, Inc.*, 662 F.3d 423, 426 (7th Cir. 2011)

The Court need not reach Defendants' pre-emption argument here. Plaintiff did not respond to Defendants' pre-emption argument regarding the alleged failure to disclose "synthetic caffeine" or "other unnatural ingredients." Plaintiff instead argued that a different claim, his claim that the name "VitaRain" is itself deceptive, is not pre-empted by federal law. More importantly, Plaintiff stated at oral argument that he was not asserting a free-standing claim for an alleged failure to disclose that the beverage contained "synthetic caffeine" or "other unnatural ingredients." Rather, Plaintiff clarified that he has alleged that such disclosures were required only in light of Defendants' alleged deceptive statements that the beverage contained only "natural caffeine" and that the beverage was comprised of a "natural tonic." However, as discussed above, Plaintiff did not allege in his Second Amended Complaint that he actually read these statements or based his purchasing decision upon them. The Court concludes that Plaintiff has not adequately pled causation under the CPA.

ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 15

**D. Opportunity to Amend**

Plaintiff requests that the Court grant leave to amend the complaint in the event that Defendants' motion to dismiss is granted. ECF No. 90, at 11. Federal Rule of Civil Procedure 15(a)(2) provides that the district court "should freely give leave [to amend] when justice so requires." *See also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990) ("The standard for granting leave to amend is generous."). The court should consider five factors in determining whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Futility exists where it is "clear" that no amendment could save the complaint. *Id.*

Plaintiff has previously amended his complaint twice, once in response to an Order dismissing his First Amended Complaint. The Court explicitly stated in its order that Plaintiff could not establish causation as to certain alleged deceptive statements without pleading that he actually read those statements. ECF No. 74, at 14-15. However, Plaintiff has again failed to adequately plead causation as to his claims that the beverage label contained deceptive statements that the beverage "natural caffeine" and was comprised of a "natural tonic."

Further opportunity to amend would also prejudice the Defendants. Plaintiff's action was removed to this Court on December 7, 2012, and yet Plaintiff has still not perfected a viable complaint after multiple attempts. Therefore, Plaintiff's request for leave to amend his complaint is denied.

Defendants have requested that the Court dismiss the Second Amended Complaint with prejudice. The Court, having not considered the merits of this case, declines to dismiss with prejudice.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Costco's Motion to Dismiss Plaintiff's Second Amended Complaint, **ECF No. 84**, is **GRANTED**. Plaintiff's Second Amended Complaint, ECF No. 79, is dismissed without leave to amend and without prejudice.

The District Court Clerk is hereby directed to enter this Order, enter judgment accordingly, provide copies to counsel, and **close** this case.

**DATED** this 1st day of November 2013.

        *s/ Rosanna Malouf* **Peterson**
        ROSANNA MALOUF PETERSON
        Chief United States District Court Judge

ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 17